UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE

Dmitry Lenikman                                             Chapter 7
    Debtor                                              Case No. 14-27596-mdm

Patrick S. Layng
United States Trustee,
    Plaintiff,
v.                                                        Adversary No. 15—2122-mdm

Dmitry Lenikman,
    Defendant.

## ANSWER

Defendant, Dmitry Lenikman, by his attorneys, Litchfield Cavo LLP, as and for his answer to this complaint states as follows.

### I.     Jurisdiction and Parties

1.     This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant agrees that this is a core proceeding and denies any allegations that may be asserted against him in paragraph 1 of the complaint.

2.     This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant agrees the plaintiffs has standing in this matter and denies any allegations that may be asserted against him in paragraph 2 of the complaint.

1

3. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant agrees venue is proper and denies any allegations that may be asserted against him in paragraph 3 of the complaint.

4. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 4 of the complaint.

5. The defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 5 of the complaint.

6. The defendant admits that trustee McDonald has been appointed in his Chapter 7 proceedings.

7. Admit.

8. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 8 of the complaint.

9. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 9 of the complaint.

II. Background Facts.

10. Admit.

11. Admit he signed his schedules and deny any further allegations asserted against him in paragraph 11 of the complaint.

12. Admit he provided the information contained on Schedule B and deny any further allegations asserted against him in paragraph 12 of the complaint.

13. Admit he provided the information contained on Schedule B and deny any further allegations asserted against him in paragraph 13 of the complaint.

14. Admit he provided the information contained on Schedule B and deny any further allegations asserted against him in paragraph 14 of the complaint.

15. Deny.

16. Admit he provided the information contained on Schedule D and deny any further allegations asserted against him in paragraph 16 of the complaint.

17. Admit he provided the information contained on Schedule E and deny any further allegations asserted against him in paragraph 17 of the complaint.

18. Admit he provided the information contained on Schedule F and deny any further allegations asserted against him in paragraph 18 of the complaint.

19. Admit he provided the information contained on Schedule G and deny any further allegations asserted against him in paragraph 19 of the complaint.

20. Admit he provided the information contained on Schedule H and deny any further allegations asserted against him in paragraph 20 of the complaint.

21. Admit he provided the information contained on Schedule I and deny any further allegations asserted against him in paragraph 21 of the complaint.

22. Admit he provided the information contained in his statement of financial affairs and deny any further allegations asserted against him in paragraph 22 of the complaint.

23. Admit he provided the information contained in his statement of financial affairs and deny any further allegations asserted against him in paragraph 23 of the complaint.

24. Admit he provided the information contained in his statement of financial affairs and deny any further allegations asserted against him in paragraph 24 of the complaint.

25. Admit he provided the information contained in his statement of financial affairs and deny any further allegations asserted against him in paragraph 25 of the complaint.

26. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 26 of the complaint.

27. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 27 of the complaint.

28. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 28 of the complaint.

29. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 29 of the complaint.

30. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 30 of the complaint.

31. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 31 of the complaint.

32. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 32 of the complaint.

33. Deny.

34. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 34 of the complaint.

35. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 35 of the complaint.

36. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 36 of the complaint.

37. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 37 of the complaint.

38. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 38 of the complaint.

39. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 39 of the complaint.

40. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 40 of the complaint.

41. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 41 of the complaint.

42. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 42 of the complaint.

43. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 43 of the complaint.

44. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 44 of the complaint.

45. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 45 of the complaint.

46. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 46 of the complaint.

47. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 47 of the complaint.

48. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 48 of the complaint.

49. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 49 of the complaint.

50. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 50 of the complaint.

51. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 51 of the complaint.

52. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 52 of the complaint.

53. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 53 of the complaint.

54. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 54 of the complaint.

55. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denes any further allegations asserted against him in paragraph 55 of the complaint.

56. The defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 56 of the complaint.

57. The defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 57 of the complaint.

58. The defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 58 of the complaint.

59. Deny.

60. Deny.

61. Deny.

62. The defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 62 of the complaint.

63. Deny.

64. The defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 64 of the complaint.

65. The defendant admits that North Shore Group entered into an agreement with an entity known as Next Gear, which agreement was violated by Next Gear, and denies any further allegations against him in paragraph 65 of the complaint.

66. The defendant admits that North Shore Group entered into an agreement with an entity known as Next Gear, which agreement was violated by Next Gear, and denies any further allegations against him in paragraph 66 of the complaint.

67. The defendant admits that he provided the information contained on Schedule I and denies any further allegations asserted against him in paragraph 67 of the complaint.

68. The defendant admits that he provided the information contained on Schedule I and denies any further allegations asserted against him in paragraph 68 of the complaint.

69. The defendant admits he provided the information contained in his statement of financial affairs and denies any further allegations asserted against him in paragraph 69 of the complaint.

70. The defendant admits he provided the information contained in his statement of financial affairs and denies any further allegations asserted against him in paragraph 70 of the complaint.

Allegations

71. The defendant hereby realleges and reincorporates his responses to paragraphs 1 through 70 above.

72. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 72 of the complaint.

73. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 73 of the complaint.

74. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 74 of the complaint.

75. The defendant admits receiving the request to produce and has produced all records in his custody and control and denies any allegations asserted against him in paragraph 75 of the complaint.

76. Deny.

77. The defendant admits receiving the request to produce and has produced all records in his custody and control and denies any allegations asserted against him in paragraph 77 of the complaint.

78. The defendant admits receiving the request to produce and has produced all records in his custody and control and denies any allegations asserted against him in paragraph 78 of the complaint.

79. Defendant admits he appeared for a 2004 examination on January 6, 2015 and denies any further allegations asserted against him in paragraph 79 of the complaint.

80. Deny.

81. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 81 of the complaint.

82. Deny.

83. The defendant hereby realleges and reincorporates his responses to paragraphs 1 through 82 above.

84. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 84 of the complaint.

85. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 85 of the complaint.

86. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 86 of the complaint.

87. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 87 of the complaint.

88. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 88 of the complaint.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Defendant admits that North Shore Group was in the business of auto sales and denies any further allegations in paragraph 94.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and denies any further allegations asserted against him in paragraph 99 of the complaint.

100. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 100 of the complaint.

101. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 102 of the complaint.

102. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 102 of the complaint.

103. Defendant admits he appeared for a Section 341 meeting on July 17, 2014 at which time he answered the questions he was asked to the best of his belief, memory and understanding and deny any further allegations asserted against him in paragraph 103 of the complaint.

104. Deny.

105. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 105 of the complaint.

106. Admit he provided the information contained in his schedules and deny any further allegations asserted against him in paragraph 106 of the complaint.

107. Admit he provided the information contained in his schedules and deny any further allegations asserted against him in paragraph 107 of the complaint.

11
Case 15-02122-mdm    Doc 4    Filed 04/16/15    Page 11 of 14

108. Deny.

109. Deny.

110. Deny.

111. Deny.

112. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 112 of the complaint.

113. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 113 of the complaint.

114. Deny.

115. Deny.

116. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 116 of the complaint.

117. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 117 of the complaint.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. This paragraph recites legal issues/standards to which no response would appear to be required, to the extent a response is required the defendant denies any allegations that may be asserted against him in paragraph 122 of the complaint.

123. Deny.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims should be denied to the extent they are untimely.

2. Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

3. Plaintiff's claims may be barred by the doctrines of laches, estoppel, and/or waiver.

4. The Defendant has not taken any actions with any intent to hinder, defraud or in any way deter any investigation of his assets.

5. The claims asserted against the defendant are upon information and belief a result of fabrications of a former business partner of the defendant who stole money and other items from the defendant and the business operations leaving the defendant without the ability to produce records or documents and leaving him without the available funds to try to obtain any such records or documents.

6. The Defendant answered all questions and provided information to the best of his knowledge, information, and recollection and to the extent that such information was available to him.

7. Defendant reserves the right to raise additional affirmative defenses.

Wherefore, Defendant requests the dismissal of this action against him and for any other relief he may be entitled to in law or equity.

Dated at Brookfield, Wisconsin this 16th day of April, 2015.

/s/ Lynne M. Mueller
Lynne M. Mueller, WBN 1003577
Attorney for Defendant/ Debtor Dmitry Lenikman

DIRECT INQUIRIES TO:
Lynne M. Mueller
Litchfield Cavo LLP
13400 Bishops Lane, Suite 290
Brookfield, WI 53005
Phone: (262) 784-8908
Fax:    (262) 784-8812
muellert@litchfieldcavo.com